## ATTACHMENT AGAINST A FOREIGN EXECUTOR.

Superior Court of Cincinnati.

AMERICAN STEEL & WIRE COMPANY V. CARRIE K.
MEYERS, EXECUTRIX.

Decided, March 21, 1911.

*Attachment—Constructive Service May Be Obtained Against a Non-Resident Executor, When.*

Foreign executors are subject to suit in the same manner they are permitted to sue, and constructive service may be had in an attachment suit against a non-resident executor, where the property of the decedent which is attached is within the state.

*Boyd & Slutes,* for motion.
*Paxton, Warrington & Seasongood,* contra.

HOFFHEIMER, J.

In *Craig* v. *R. R. Co.,* 2 N. P., 64, it was held that personal service against a foreign executor was good, although in that case decedent left no property in Ohio. If that case was properly decided (it was cited approvingly in 68 Kan., 377, and counsel for the motion herein can see no objection to same), I fail to see wherein the spirit of administration law is any more violated (see *Woerner on American Law of Administration,* Section 815) by suit instituted by constructive service based on attachment of property of a decedent within the state, provided of course the right to so proceed may be said to be conferred by statute. In the absence of such authority, it is generally held that the proceeding does not lie.

Section 6129, Revised Statutes of Ohio, was passed subsequently to Section 6133, and having this in mind and reading the sections together and also the attachment statutes, it seems to me it would but be reasonable to hold that it was intended that foreign executors should be subject to suit in the same manner that they are permitted to sue, namely, as non-residents. At any rate the statutes should be liberally construed, and

should the liberal construction thus given be a proper one there would be no practical difference between our statutes thus construed and those of Kansas, in which state it was held that under their statutes attachment lies against foreign executors and that the constructive service obtained was proper. *Manley* v. *Parks*, 68 Kan., 377.

Motion to set aside service overruled and exception allowed.